JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK, NA, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2013 SC3 TITLE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>HOUMAN JERRY SALEM, et al.,<br><br>Defendants. | Case No. CV 16-00624 CAS (RAOx)<br><br>**[PROPOSED] ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS** |

## I.
## FACTUAL BACKGROUND

Plaintiff U.S. Bank, NA, as Legal Title Trustee for Truman 2013 SC3 Title Trust ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Houman Jerry Salem, and Does 1 to 10 ("Defendants") on or about August 5, 2015. Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1. Defendant Salem is allegedly a holdover occupier of real property located in Los Angeles, California ("the property"). Compl., ¶¶ 2, 8. Plaintiff acquired the property after a foreclosure sale. *Id.* at ¶ 5. Plaintiff has subsequently taken title of the property and received an

///

executed Trustee's Deed Upon Sale, which was recorded with the County Recorder of Los Angeles County. *Id.*

Defendant Salem filed a Notice of Removal on January 28, 2016, invoking the Court's federal question jurisdiction. Removal at 2, 4, 8-15. The same day, Defendant Salem filed an Application to Proceed Without Prepaying Fees or Costs. Dkt. No. 3.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, the Court's review of the Notice of Removal and the attached Complaint and Demurrer and Answer makes clear that this Court does not have federal question jurisdiction over the instant matter. There is no federal question apparent on the face of Plaintiff's complaint, which alleges only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203

GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim). Thus, Plaintiff could not have brought this action in federal court, in that Plaintiff does not allege facts supplying federal question jurisdiction, and therefore removal was improper. *See* 28 U.S.C. 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

There is no merit to defendant's contention that federal question jurisdiction exists because Plaintiff allegedly has violated federal issues involving fair housing and urban development. Removal at 5. It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430. Thus, to the extent defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

///
///
///
///
///

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Application to Proceed Without Prepaying Fees or Costs is DENIED as moot.

IT IS SO ORDERED.

DATED: February 12, 2016

___
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

___
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE